UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEE KELLY CLARKE,<br><br>            Plaintiff,<br><br>      v.<br><br>SHASTA COUNTY SHERIFF'S DEPT, *et al*.,<br><br>            Defendants. | Case No.  2:21-cv-01399-JAM-JDP (PC)<br><br>ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND DENYING HIS MOTION TO APPOINT COUNSEL<br><br>ECF Nos. 4 & 5<br><br>SCREENING ORDER THAT PLAINTIFF:<br><br>    (1) FILE AN AMENDED COMPLAINT, OR<br><br>    (2) STAND BY HIS COMPLAINT SUBJECT TO DISMISSAL<br><br>ECF No. 1<br><br>THIRTY-DAY DEADLINE |

Plaintiff, proceeding without counsel, brings this civil rights action under 42 U.S.C. § 1983.  ECF No. 1.  Plaintiff's lengthy complaint is largely incomprehensible; it neither complies with Rule 8 nor states a claim upon which relief can be granted.  I will give plaintiff a chance to amend before recommending that this action be dismissed.

I will grant plaintiff's application to proceed *in forma pauperis*.  ECF No. 4.

Plaintiff also moves for appointment of counsel.  ECF No. 5.  Plaintiff does not have a constitutional right to appointed counsel in this action, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court lacks the authority to require an attorney to represent plaintiff.  *See*

1

*Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). The court can request the voluntary assistance of counsel. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."); *Rand*, 113 F.3d at 1525. However, without a means to compensate counsel, the court will seek volunteer counsel only in exceptional circumstances. In determining whether such circumstances exist, "the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted).

The court cannot conclude that exceptional circumstances requiring the appointment of counsel are present here. The allegations in the complaint are, at best, difficult to comprehend and plaintiff has not demonstrated that he is likely to succeed on the merits. Plaintiff's motion to appoint counsel, ECF No. 5, is denied without prejudice.

**Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

1   The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404
2   U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it
3   appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
4   would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).
5   However, "'a liberal interpretation of a civil rights complaint may not supply essential elements
6   of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,
7   1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff's complaint does not comply with Rule 8 or state a claim upon which relief may be granted.  Rather than submitting a "short and plain statement" of his claims, plaintiff has filed a complaint that consists of more than fifty pages of dense, hand-written allegations, much of which is illegible. *See generally* ECF No. 1.  The complaint purports to name more than one hundred defendants but is devoid of allegations that the named defendants engaged in any particular wrongful conduct. *Id*.  Furthermore, many of the defendants either are not readily ascertainable individuals or entities or appear to be unconnected to each another by a common nucleus of facts.  For instance, plaintiff's list of defendants includes "US Treasury," "Oath Keepers," "CA-State (ton) Attorneys," and "Mrs. Christina Hoff-Sommers," author of "The War on Boyz." *Id*. at 2-6.  He does not state the grounds for the court's jurisdiction or provide a coherent demand for relief, as is required by Rule 8. *See* Fed. R. Civ. Pro. 8(a).

I will allow plaintiff a chance to amend his complaint before recommending that this action be dismissed.  If plaintiff decides to file an amended complaint, the amended complaint will supersede the current complaint. *See Lacey v. Maricopa Cnty.*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc).  This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220.  Once an amended complaint is filed, the current complaint no longer serves any function.  Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail.  The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number.  If plaintiff does not file an

3

amended complaint, I will recommend that this action be dismissed.

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed *in forma pauperis*, ECF No. 4, is granted.

2. Plaintiff's motion for appointment of counsel, ECF No. 5, is denied.

3. Within thirty days from the service of this order, plaintiff must either file an amended complaint or advise the court he wishes stand by his current complaint.

4. Failure to comply with this order may result in the dismissal of this action.

5. The clerk's office is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:   April 25, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE